# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.                                          Case No. 19-10039-EFM

FLOYD D. SALES, JR.,

    *Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Floyd D. Sales Jr.'s Motion for Compassionate Release (Doc. 42). He seeks early release from prison due to having underlying health conditions that make him susceptible to contracting COVID-19. The government opposes Defendant's motion. For the reasons stated in more detail below, the Court denies Defendant's motion.

### I.    Factual and Procedural Background

On August 19, 2019, Defendant pleaded guilty to a violation of travel in interstate commerce in aid of racketeering, in violation of 18 U.S.C. § 1952(a)(3).[1] On December 2, 2019, Defendant was sentenced to 60 months' imprisonment.

---

[1] He pleaded to a Superseding Information.

Defendant is 58 years old, and he is currently incarcerated at El Reno FCI. There have been 307 positive cases in the facility in which Defendant is housed, and one inmate has died.[2] Currently, there are 17 active inmate cases, 12 active staff cases, and no pending inmate tests. Defendant's projected release date is May 30, 2023.

On September 28, 2020, Defendant filed a motion seeking early release from prison due to the risk of contracting COVID-19. He states that due to the underlying health conditions of hypertension, heart disease, and asthma, he is more susceptible to serious COVID-19 complications. Although Defendant originally filed his motion pro se, he is now represented by counsel.

## II.    Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[3] It allows defendants to seek early release from prison provided certain conditions are met. First, "a criminal defendant may file a motion for compassionate release only if: '(1) he has exhausted all administrative rights to appeal the [Bureau of Prisons' ("BOP")] failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf.' "[4] The administrative exhaustion requirement is jurisdictional and cannot be waived.[5]

---

[2] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited November 23, 2020).

[3] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[4] *United States v. Boyles*, 2020 WL 1819887, at *2 (D. Kan. 2020) (citing *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A).

[5] *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1116-17 (D. Kan. 2020) (examining the text, context, and historical treatment of § 3582(c)'s subsections to determine that the exhaustion requirement is jurisdictional); *Boyles*, 2020 WL 1819887, at *2 (determining that

Next, if a defendant satisfies the exhaustion requirement, the Court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the Court determines: (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[6]  Finally, the Court must ensure that any reduction in the defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[7]

### III.   Analysis

Defendant seeks early release based on his underlying medical conditions and the risk of severe complications should he contract COVID-19 in prison.  The government asserts that Defendant is not an appropriate candidate for early release.

**A.   Exhaustion**

Defendant has satisfied the exhaustion requirement described in § 3582(c).  He requested compassionate release from the Warden in August 2020.   As of September 28, 2020, the date Defendant filed his motion, he had not received a response from the Warden.  The government

---

exhaustion of administrative remedies is a prerequisite for the court's jurisdiction);  *cf. United States v. Younger*, 2020 WL 3429490, at *3 (D. Kan. 2020) (reasoning that the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[6] 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

[7] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission's policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

also admits that Defendant meets the exhaustion requirement.  Thus, because more than 30 days have passed since Defendant's request, the Court has jurisdiction to decide his motion.

**B.      Extraordinary and Compelling Reasons**

Defendant next asserts that his medical conditions of hypertension, heart disease, and asthma, coupled with the outbreak of COVID-19 in prison, constitutes an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A).  One of these conditions, heart disease, is listed by the Centers for Disease Control and Prevention ("CDC") as one that is at increased risk for severe illness from COVID-19.[8]   Several of these conditions, asthma and hypertension, are listed as ones that may be at increased risk of severe illness from COVID-19.[9]  In addition, the government concedes that per Department of Justice ("DOJ") policy and CDC guidance, Defendant's medical conditions in the context of the COVID-19 pandemic constitute an extraordinary and compelling reason.  The government contends, however, that when balanced with the § 3553(a) factors, Defendant fails to demonstrate a situation so severe that release is warranted.  Accordingly, the Court will move on to consider the § 3553(a) factors.

**C**.      **Section 3553(a) Factors**

Finally, the Court must consider whether Defendant's sentence reduction would comply with the sentencing factors enumerated in 18 U.S.C. § 3553(a) "to the extent that they are applicable."[10]  Some of these factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and

---

[8] CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited November 23, 2020).

[9] *Id.*

[10] 18 U.S.C. § 3582(c)(1).

protect the public from future crimes by the defendant; and the need to avoid unwarranted sentence disparities.[11]

Here, Defendant pleaded guilty to the offense of a violation of travel in interstate commerce in aid of racketeering. Based on his offense level of 23 and a criminal history category of VI, the guideline imprisonment range was 92 months to 115 months. Defendant, however, pleaded guilty to an offense that had a statutory maximum of 60 months' imprisonment. Thus, he received a 60-month sentence that the Court found was appropriate based on the circumstances of the case.

At this point, Defendant has served 19 months which is less than half of his sentence. He still has approximately 31 months remaining. The Court remains convinced that 60 months is the appropriate sentence. Reducing Defendant's sentence to time served would not reflect the seriousness of Defendant's criminal conduct nor provide adequate deterrence or appropriate punishment. Accordingly, the Court finds that Defendant does not demonstrate extraordinary and compelling reasons to warrant his early release from prison.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release (Doc. 42) is **DENIED.**

**IT IS SO ORDERED**.

Dated this 24th day of November, 2020.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[11] 18 U.S.C. § 3553(a).